FILED'09 DEC 07 15:01 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EVERETT J. COMFORT,

        Plaintiff,

    v.

JACKSON COUNTY; ARLYN S.
GRANGER; KORBY MESSER; and
GARY CLARK

        Defendants.

Case Number CV 09-3060-CL

**ORDER**

Clarke, Magistrate Judge:

    Plaintiff Everett Comfort ("Plaintiff") filed a complaint against defendants Jackson County, Arlyn Granger, Korby Messer, and Gary Clark. Plaintiff makes three claims for relief (1) for violation of his civil rights under 42 U.S.C. § 1983; (2) the Oregon Tort Claims Act, Or. Rev. Stat. § 30.260 (OTCA) for common law assault, battery, intentional infliction of emotional distress, and negligence from Jackson County; and (3) for actions outside the scope of their public employment or duties from individual defendants Granger, Messer, and Clark. (First Am. Compl. ("Am. Compl.") ¶¶ 17-27.)

Defendants filed this motion to dismiss the second claim for relief under the OTCA arguing that Plaintiff has failed to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendants' motion is granted, and the Plaintiff's second claim for relief is dismissed without prejudice. Plaintiff is given leave to amend his second claim for relief by January 7, 2010.

I.    **Factual Background**

Plaintiff alleges he was beaten while in custody in the Jackson County jail on July 7, 2007. (Am. Compl. ¶ 1.) He alleges that he was left to lie alone in the holding cell several hours after the beating and suffered substantial physical injury and pain and emotional distress as a result of the beating being left to lie alone. He was also hospitalized for four days immediately following the incident, starting on July 7, 2007. Plaintiff alleges Defendants Korby Messer and Gary Clark administered the beating and Defendant Granger was in charge of jail at the time and participated in the events surrounding the beating. (Am. Compl. ¶ 1.)

Plaintiff notified Sheriff Michael S. Winters of his inent to sue by letter dated October 25, 2007, addressed to 787 West Eighth Street, Medford, Oregon 97501. (Am. Compl., Ex. B.) Plaintiff filed his complaint on July 2, 2009, and issued summons to defendants on August 3, 2009, which were returned on August 20, 2009. (Dkt. Nos. 8 and 9.) On August 25, 2009, Plaintiff filed his first amended complaint.

Defendants filed a motion to dismiss Plaintiff's second claim for relief on October 7, 2009. Defendants contend that Plaintiff failed to provide notice to Jackson County as required and thus has not alleged facts for relief under the OTCA. (Mot. to Dismiss Second Claim for Relief ("Mot. to Dismiss") 3-5.)

Order  2

## II.  Legal Standards

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

A complaint or a claim in a complaint may be dismissed as a matter of law for two reasons:  (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).  When a court considers a motion to dismiss, all allegations of the complaint are construed in the plaintiff's favor. Sun Saving & Loan Ass'n v. Dierdoff, 825 F.2d 187, 191 (9th Cir. 1987). A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007) (internal quotation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Id. (citations and internal quotations omitted).  A plaintiff must plead "sufficient fact[s], accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (2009) (citing Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Order   3

### III.  Plaintiff Failed to Provide Notice Under the OTCA

The sole cause of action under state law for any tort of officers, employees, or agents of a public body acting within the scope of their employment or duties, as alleged here, is an action against the public body under the OTCA. Or. Rev. Stat. § 30.265(1). Defendants argue that Plaintiff failed to satisfy the notice provision of the OTCA.

The OTCA explains formal or actual notice is required within 180 days after the alleged loss or injury,

> (5) Formal notice of claim shall be given by mail or personal delivery
> (a) If the claim is against the state or an officer, employee or agent thereof, to the office of the Director of the Oregon Department of Administrative Services.
> (b) If the claim is against a local public body or an officer, employee or agent thereof, to the public body at its principal administrative office, to any member of the governing body of the public body, or to an attorney designated by the governing body as its general counsel.
>
> (6) Actual notice of claim is any communication by which any individual to whom notice may be given as provided in subsection (5) of this section or any person responsible for administering tort claims on behalf of the public body acquires actual knowledge of the time, place and circumstances giving rise to the claim, where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body. A person responsible for administering tort claims on behalf of a public body is a person who, acting within the scope of the person's responsibility, as an officer, employee or agent of a public body or as an employee or agent of an insurance carrier insuring the public body for risks within the scope of ORS 30.260 to 30.300, engages in investigation, negotiation, adjustment or defense of claims within the scope of ORS 30.260 to 30.300, or in furnishing or accepting forms for claimants to provide claim information, or in supervising any of those activities.

Or. Rev. Stat. § 30.270(3)-(6).

Plaintiff alleges that he provided formal notice in his October 25, 2007, letter to Sheriff Winters. (Am. Compl. ¶ 21.) Defendants argue that this does not qualify as "the public body at

Order   4

its principal administrative office, to any member of the governing body of the public body, or to an attorney designated by the governing body as its general counsel" as set forth in Or. Rev. Stat. § 30.270(5). (Def.'s Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") 4.) The Court agrees.

Only the Board of Commissioners is the governing body in Jackson County, and the sheriff is not a member of the this Board. The Home Rule Charter of Jackson County, Oregon ("Charter") defines the Board of County Commissioners as "the governing body of the County is the Board of three County Commissioners, who shall be nominated and elected from the County at large." § 9. The Charter also explains the "Form of Government" to include (1) the Board of Commissioners, (2) a Sheriff, Assessor, Treasurer, Clerk, and Surveyor, and (3) "whatever other County administrative and advisory offices and agencies and whatever administrative positions are continued or established by or under this Charter." §5.

A clear reading of the charter indicates that only the Board of County Commissioners is the "governing body" in Jackson County. While the sheriff is a part of the "government," the Court cannot ignore that governing body was explicitly used in reference only to the Board of County Commissioners. Accordingly, by providing notice to the sheriff, the Plaintiff did not comply with notice requirements under the OTCA.

Plaintiff argues that notifying the sheriff can satisfy notice requirements under the OTCA. He points to cases in which notices to sheriffs were valid. These cases, however, are distinguishable because they are claims against other counties, not claims against Jackson County. See Uruo v. Clackamas County, 997 P.2d 269 (Or. Ct. App. 2000); Fraker v. Benton County Sheriff's Office, (Or. Ct. App. 2007). Plaintiff's cases merely indicate that notice to sheriff may satisfy the OTCA requirements, not that it must.

Order  5

Plaintiff also asks the Court, in the alternative, that the motion to dismiss be converted to a motion for summary judgment because "the issue of actual notice under [the OTCA] necessarily requires a factual record beyond just what the pleadings may show.". (Pl.'s Resp. 8.) Plaintiff also cites Voth v. Smith, in which the Court of Appeals of Oregon recognized that the sufficiency of the plaintiff's tort claim notice should have been resolved on summary judgment. 69 P.3d 1274, 1275 (Or. Ct. App. 2003.)

Federal rules allow a 12(b)(6) motion to be treated as a motion for summary judgment when matters outside the pleadings are presented to and not excluded by court. Fed. R. Civ. P. 12(d). The Court, however, declines to consider matters outside the pleadings and to convert the motion to a motion for summary judgment.[1] Plaintiff has not alleged actual notice in his complaint. Defendants' motion is granted, and Plaintiff's second claim for relief is dismissed without prejudice. The Plaintiff, after conducting further discovery, is given leave to amend his complaint as to the actual notice requirement by January 7, 2010.

DATED this ___7___ day of December, 2009.

MARK D. CLARKE

United States Magistrate Judge

---

[1] In United States v. Ritchie, the Ninth Circuit used conditional language in describing rule 12(b) and 12(d), indicating the court's discretion: "*if* a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." 342 F.3d 903, 908 (9th Cir. 2003) (emphasis added).

Order  6