FILED'10 MAR 30 2:40USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

EVERETT J. COMFORT,   Case No. CV 09-3060-CL

   Plaintiff,

  v.   **ORDER**

JACKSON COUNTY, ARLYN S.
GRANGER, KORBY MESSER, and
GARY CLARK

   Defendants.

Clarke, Magistrate Judge:

  Plaintiff Everett Comfort ("Plaintiff") filed a complaint against defendants Jackson County, Arlyn Granger, Korby Messer, and Gary Clark. Plaintiff makes three claims for relief: (1) for violation of his civil rights under 42 U.S.C. § 1983; (2) for common law assault, battery, intentional infliction of emotional distress, and negligence from Jackson County under the Oregon Tort Claims Act, Or. Rev. Stat. § 30.260 (OTCA); and (3) for torts by defendants Granger, Messer, and Clark through actions outside the scope of their public employment or duties. (Second Am. Compl. ¶¶ 17-27.)

  Defendant Jackson County ("Defendant") filed this motion to dismiss Plaintiff's second claim for relief under the OTCA in his second amended complaint, arguing that Plaintiff has

Order  1

failed to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 38.) Defendant also filed a motion to stay discovery, pending the resolution of its motion to dismiss. (Dkt. No. 48.) For the reasons set forth below, Defendant's motion to dismiss is granted. The motion to stay is moot. Defendant should immediately respond to Plaintiff's interrogatories not relating to the issue of notice, if it has not already done so, consistent with this order.

I.   **Factual Background**

Plaintiff alleges he was beaten while in custody in the Jackson County Jail on July 7, 2007. (Second Am. Compl. ¶ 1.) He alleges that he was left to lie alone in the holding cell several hours after the beating and suffered substantial physical injury, pain, and emotional distress as a result. He was hospitalized for four days immediately following the incident, beginning July 7, 2007. Plaintiff alleges that Defendants Messer and Clark administered the beating and that Defendant Granger was in charge of the jail at the time and participated in the alleged events. (Second Am. Compl. ¶ 1.)

Plaintiff notified Sheriff Michael Winters of his intent to sue the county by letter, dated October 25, 2007, addressed to 787 West Eighth Street, Medford, Oregon 97501. (Second Am. Compl., Ex. B.) Plaintiff filed his complaint in this court on July 2, 2009, and issued summonses to defendants on August 3, 2009, which were returned on August 20, 2009. (Dkt. Nos. 8 and 9.) On August 25, 2009, Plaintiff filed his first amended complaint.

Defendant Jackson County filed its first motion to dismiss Plaintiff's second claim for relief in his first amended complaint on October 7, 2009, arguing that Plaintiff failed to provide formal or actual notice to Jackson County as required under the OTCA and thus had not alleged a

Order  2

claim for relief. (Defs.' Mot. to Dismiss Pl.'s Second Claim for Relief 3-5.) The court granted Defendant's motion and dismissed Plaintiff's second claim for relief without prejudice. It granted Plaintiff leave to amend his complaint by January 7, 2010. The discovery deadline was set for December 31, 2009, and the order provided Plaintiff the opportunity to amend his complaint after he had completed discovery.

Plaintiff filed his second amended complaint on January 7, 2010, revising paragraph 21 to allege actual notice. (Second Am. Compl. ¶ 21.) Defendant Jackson County filed its motion to dismiss Plaintiff's second claim for relief in his second amended complaint on January 29, 2010. (Def. Jackson County's Mot. to Dismiss Pl.'s Second Am. Claim ("Mot. to Dismiss").) On March 3, 2010, Defendant also filed a motion for temporary stay of discovery related to Plaintiff's February 18, 2010 interrogatory requests, due March 22, 2010. (Def. Jackson County's Mot. for Temporary Stay of Discovery) The court heard oral argument on both motions on March 23, 2010.

## II.    Standards

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

A complaint or a claim in a complaint may be dismissed as a matter of law for two reasons: (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). When a court considers a motion to dismiss, all allegations of the complaint are construed in the

Order   3

plaintiff's favor. <u>Sun Saving & Loan Ass'n v. Dierdoff</u>, 825 F.2d 187, 191 (9th Cir. 1987).

Pursuant to Fed.R.Civ.P. 8(a)(2) a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. <u>Id.</u> In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint. <u>Id.</u> When a court finds well-pleaded factual allegations, it should assume the facts alleged are true and determine whether they plausibly give rise to an entitlement of relief sought in the complaint. <u>Id.</u> If not, a grant of motion to dismiss by a court is proper.

### III.    Defendant's Motion to Dismiss Is Granted

Defendant filed its motion to dismiss Plaintiff's second claim for relief contained in his second amended complaint. Defendant argues that Plaintiff's claim fails to allege facts to support actual notice, a requirement for a claim under the OTCA.

#### A.    Claim Must Be Plausible on its Face

The Supreme Court discussed the federal pleading standards its recent decisions of <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009). Under <u>Twombly</u>, "a pleading that offers 'labels and conclusions' or 'a formal recitation of the elements of a cause of action will not do.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 555).

Order   4

A claim must be plausible on its face. Id. at 1949. The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

Id. (internal citations omitted).

Merely reciting the elements of a cause of action, supported by conclusory statements, is not enough. Legal conclusions must be supported by factual allegations. Though motions to dismiss require the court to take factual allegations as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

The Ninth Circuit applied the Supreme Court's pleading standard, as laid out in Iqbal, in its 2009 decision in Moss v. U.S. Secret Service, 572 F.3d 962 (9th Cir. 2009). The court confirmed that "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements . . . are not entitled to an assumption of the truth." Id. at 969 (citations omitted). It summarized, "for a complaint to survive, the non-conclusory 'factual content' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Id. In Moss, the court found that the plaintiffs did not have a plausible claim; however, it concluded, "They may be able to amend their complaint to include facts that will state a plausible claim, and thus the interests of justice would be served by granting them a chance to do so." Moss, 572 F.3d at 975.

Order   5

### B. OTCA Requires Actual Notice

When an individual alleges a tort by an employee of the State of Oregon, he may seek relief under the OTCA, provided he complies with requirements in the statute. "No action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of [the OTCA] shall be maintained unless notice of the claim is given as required by this section." Or. Rev. Stat. § 30.275(1).

Formal notice is achieved when the individual gives notice by mail or personal delivery: "if a claim is against a local public body or an officer, employee or agent thereof, to the public body at its principal administrative office, to any member of the governing body of the public body, or to an attorney designated by the government as its general counsel." Or. Rev. Stat. § 30.275(5)(b). The governing body in Jackson County consists of three county commissioners, and notice to one of these three would constitute formal notice, as would notice to the Jackson County Counsel. Jackson County Charter, Ch. III. In addition, the County Administrator is given the authority to administer claims filed against Jackson County. Jackson County Ordinance, Administration Code, § 216.16, available at http://www.co.jackson.or.us/CODE.ASP.

An individual may also provide actual notice under the OTCA. First, it requires a communication: "any communication by which . . . any person responsible for administering tort claims on behalf of the public body acquires actual notice of the time, place and circumstances giving rise to the claim where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body." Second, it requires that "a person responsible for administering tort claims on behalf of a public body" receives the communication, and this

Order  6

person is "a person who, acting within the scope of the person's responsibility, as an officer, employee or agent of a public body . . . engages in investigation, negotiation, adjustment, or defense of claims within the scope of [the OTCA]." Or. Rev. Stat. § 30.275(6).

### C. Plaintiff Does Not Allege a Claim of Actual Notice That Is Plausible on its Face

Defendant argues Plaintiff's second claim should be dismissed because he does not allege the elements to entitle him relief under the OTCA. Specifically, he has not alleged either formal or actual notice that meets the federal pleading standard of plausibility.

### 1. Plaintiff's OTCA Claim Contains Insufficient Factual Allegations for Actual Notice

To properly state a claim under the OTCA, Plantiff must allege both that he made a communication and this was to a person responsible for administering tort claims. Plaintiff's second amended complaint contains the following allegations in paragraph 21 for a claim under the OTCA:

> Plaintiff provided defendant Jackson County with so-called "actual notice" under ORS 30.275(3)(b) and (6). That is, plaintiff caused to be delivered to Jackson County, in care of the Jackson County Sheriff, a written notice . . . . This was notice to the effect that plaintiff intended to make a claim for damages pursuant to the Oregon Tort Claims Act, ORS 30.260 to 30.300 based on the beating and its aftermath . . . . The Jackson County Sheriff is a person who, acting within the scope of his responsibility as an officer, employee or agent of Jackson County, engages in investigation, negotiation, adjustment, or defense of claims within the scope of ORS 30.260 to 30.200, or (when the Sheriff does not personally engage in such investigation, negotiation, adjustment, or defense) participates in the supervision of such activities.

(Second Am. Compl. ¶ 21.)

Though paragraph 21 alleges that a "communication" was made, as defined in the statute,

Order 7

Plaintiff also must allege with factual allegations that the sheriff was a person responsible for administering tort claims. By alleging facts that the sheriff is such a person, notice to him would qualify as actual notice necessary for his OTCA claim.

Plaintiff's claim fails under Iqbal's pleading standards because he does not allege that the sheriff is a person responsible for administering claims. Certainly it is *possible* that the Sheriff may receive actual notice, but there are no facts here to support that it is *plausible*. Though he states that the sheriff is a person who is responsible for administering tort claims, there are no facts to support this legal conclusion as to his role of investigating, negotiating, or defending the claims. Rather, Plaintiff frames his allegation around the definition of who qualifies as a "person who administers claims" without adding specific facts relevant to the issue. It is a mere "recitation of the elements," and he replaces the generic language of "a person responsible for administering tort claims" with "Jackson County Sheriff" to achieve his pleading objective. This framing of the "facts" is essentially a legal conclusion and is not entitled to an assumption of truth. See Iqbal, 129 S.Ct. at 1949.

### 2. Proposed Documents for Judicial Notice Do Not Support a Plausible Claim of Actual Notice

In opposition to Defendant's motion, Plaintiff asks the court to take judicial notice of several documents to find that the sheriff is a person responsible for administering tort claims. Indeed, when considering a motion to dismiss, the court is to "consider only allegations contained in the pleadings, exhibits attached to the complaint and matters properly subject to judicial notice." Swartz v. KPMG, LLP, 476 F.3d 756, 763 (9th Cir. 2007). Further, the Supreme Court acknowledged that it is important for the reviewing court to use its own

Order 8

experiences and consider the context of the case when evaluating the sufficiency of the pleadings. See Iqbal, 129 S.Ct. at 1949

Federal Rules of Evidence govern judicial notice of adjudicative facts. Rule 201 explains, "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably disputed." Fed. R. Evid. 201(b). The court may take matters of public record under judicial notice, Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001), as well as records and reports of administrative bodies, Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

The court will not enter into the lengthy analysis here as to whether the documents proposed are undisputed facts as required by the Rule 201. However, even if it were to take judicial notice of proposed documents, the court does not find that they support a plausible claim of actual notice.

First, Plaintiff points to the civil action filed in this court of Quick v. County of Jackson, Oregon, Korby Messer, Gary Clark, and Andy Davis, 07-cv-3063-CL. He argues, "the purpose for taking notice of Quick is to document . . . that the same deputies who were defendants in Quick are defendants in the present action. In view of this documentation, it would be implausible to conclude (at this stage of this litigation) that Sheriff Winters is oblivious to tort claims involving deputies Messer and Clark, or that he has not engaged in the investigation or settlement of such claims." (Pl.'s Opp. to Def. Jackson County's Mot. to Dismiss Pl.'s Am. Second Claim for Relief ("Pl.'s Opp. to Mot. to Dismiss") 9.) He also jumps to the conclusion,

Order  9

"If Sheriff Winters pays no attention to tort claims such as Quick and the present action, that would be a bigger problem for defendant Jackson County than any single civil action. But the point . . . is simply that plaintiff has alleged a plausible basis for litigating the 'actual notice' issue." (Pl.'s Opp. to Mot. to Dismiss 9.)

Plaintiff has not persuaded the court that judicial notice of Quick makes his claim any more plausible. Merely because the sheriff has been made aware of tort claims involving his employees in the past does not, de facto, make him such a person who receives actual notice under the OTCA. Further, even though the sheriff may have engaged in some investigation in the past, it is not alleged that it is his *responsibility* or accepted role to administer such claims.

Second, Plaintiff asks that judicial notice be taken of the Sheriff's Association's Bargaining Agreement, first introduced to the court when Defendants' filed their motion to dismiss his first amended complaint. (Dk. No. 32.) The purpose of this agreement was "to set forth those matters pertaining to the rates of pay, hours of work, working conditions, fringe benefits, and other conditions of employment." (Unsworn Decl. of Pl.'s Counsel in Supp. of Pl.'s Mot. to Supplement the Record for Purposes of Defs.' Motion to Dismiss 5.)

Plaintiff argues that under this agreement both the sheriff and the County are given "management rights" and have the function of financial, budgetary, accounting, and organization policies and procedures." (Pl.'s Opp. to Mot. to Dismiss 9.) Articles 12 and 14 of this agreement detail the responsibilities of discipline and discharge and settlement. Plaintiff argues that this "underscore[s] the sheriff's and sheriff's deputies' rights and responsibilities, which necessarily would bear on tort claims brought by inmates such as plaintiff." (Pl.'s Opp. to Mot. to Dismiss 9.)

Order    10

Plaintiff's argument, however, does not convince the court. The agreement is a bargaining agreement with the purpose of describing conditions of employment. The court does not believe these functions make the sheriff a person responsible for administering claims within the purview of the OTCA.

Defendant also asks the court to take judicial notice of the Jackson County Ordinance ("Ordinance"). (Mem. in Supp. of Mot. to Dismiss Second Am. Compl. 5.) Among other governance, this code lays out who should receive formal notice under the OTCA. Defendants point to § 216.16: "The County Administrator shall be responsible for the administration of claims filed against the County." Jackson County Ordinance, Administration Code, § 216.16, available at http://www.co.jackson.or.us/CODE.ASP.

Plaintiff counters, however, that the Ordinance may also be used to support his argument. He argues that, because the Ordinance does not strip the sheriff of his supervisory or investigative powers, then the sheriff is a person who can receive actual notice and he and the county administrator are a team when there are issues of police brutality. (Pl.'s Opp. to Mot. to Dismiss 9-10.)

Plaintiff is correct only in that there is nothing in the Ordinance that would prevent the sheriff from receiving actual notice, but it is still only a possibility under the facts alleged. Though the Ordinance does not deprive the sheriff of investigative roles, there is still no factual allegation that is plausible on its face that he has those roles as defined in the OTCA.

### 3.   Issue of Actual Notice Is Appropriate on 12(b)(6) Motion

Lastly, in opposition to the motion, Plaintiff suggests that the issue of notice is not appropriate in a motion to dismiss. He points to Voth v. Smith, decided by the Oregon Court of

Order   11

Appeals: "defendants acknowledge that the sufficiency of plaintiff's tort claim notice should have been resolved in a summary judgment proceeding rather than on the basis of a Rule 21 motion to dismiss." 69 P.3d 1274, 1275 (Or. App. 2003).

The court appreciates this decision, but it is not persuaded that it applies. Volt dealt with issues of Oregon Rules of Civil Procedure. The court's concern here is the sufficiency of the pleadings under federal rules, a matter explicitly addressed in Iqbal and Moss and provided for in Rule 12(b)(6).

### 4. Interests of Justice Do Not Support Further Amendment

The court granted Defendants' first motion to dismiss the claim without prejudice and permitted Plaintiff to amend. The deadline for amendment was January 7, 2010, a date chosen by the court to allow the Plaintiff a full week after the close of discovery to file his amended complaint.

Previously, in "the interests of justice" this court followed the Ninth Circuit's lead in Moss and allowed the Plaintiff to amend his complaint to allege facts sufficient for notice. See Moss, 572 F.3d at 974-75 ("They may be able to amend their complaint to include facts that will state a plausible claim, and thus the interests of justice would be served by granting them a chance to do so."). The court anticipated that with the conclusion of discovery, Plaintiff may have discovered some facts to meet the pleading standards. Plaintiff's second amended complaint, however, does not meet the pleadings standards, and granting another period to amend is unwarranted.

### IV. Defendant's Motion to Stay Discovery Is Moot

Defendant filed a motion for a temporary stay of discovery regarding Plaintiff's

Order   12

interrogatories, with responses were due March 22, 2010. Defendant argued several of the requests "are clearly designed to circumvent the issues presented in the motion to dismiss," namely the issue of actual notice. (Mem. in Supp. of Def.'s Motion for Temporary Stay of Discovery 3.) Plaintiff opposed the motion and asserted that should he prevail on his opposition to the motion to dismiss, "there will necessarily have to be a brief enlargement of defendant Jackson County's time to answer." (Pl.'s Opp. to Def. Jackson County's Mot. for Temporary Stay of Discovery 2.)

The court has granted Defendant's motion to dismiss, and accordingly the motion for a stay of discovery is moot. However, in the event that Defendant has not answered interrogatories that are not related to the issue of actual notice, it should immediately answer, consistent with this order.

## V.   Conclusion

Plaintiff's second amended complaint fails to allege a plausible claim of actual notice under the OTCA. As such, Plaintiff has not alleged a claim upon which relief may be granted. Defendant's motion to dismiss this claim is granted. (Dkt. No. 38.) Defendant's motion for a temporary stay of discovery is moot. (Dkt. No. 48.) Defendant must answer interrogatories that are not related to the issue of actual notice immediately, consistent with this order.

DATED this 30 day of March, 2010

MARK D. CLARKE
United States Magistrate Judge

Order   13