FILED'10 JUL 16 14:16 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

EVERETT J. COMFORT,

               Plaintiff,

     v.

JACKSON COUNTY, ARLYN S.
GRANGER, KORBY MESSER, and
GARY CLARK

               Defendants.

Case No. CV 09-3060-CL

**ORDER**

Clarke, Magistrate Judge:

     Plaintiff Everett Comfort ("Plaintiff") filed a complaint against defendants Jackson

County, Arlyn Granger, Korby Messer, and Gary Clark.  Plaintiff makes three claims for relief:

(1) for violation of his civil rights under 42 U.S.C. § 1983; (2) for common law assault, battery,

intentional infliction of emotional distress, and negligence from Jackson County under the

Oregon Tort Claims Act, Or. Rev. Stat. § 30.260 (OTCA); and (3) for torts by defendants

Granger, Messer, and Clark through actions outside the scope of their public employment or

duties.  (Second Am. Compl. ¶¶ 17-27.)

     The court dismissed Plaintiff's second claim for relief under the OTCA in its March 30,

2010 order.  (Dkt. No. 53.)  Final judgment was entered on July 16,  2010.

Order   1

Defendants filed the present motion for partial summary judgment.  They argue there is no genuine issue of material fact as to:

(1) § 1983 claims against Defendants Clark, Korby, and Messer in their official capacities and § 1983 claims against Jackson County;

(2) § 1983 claims for relief for violation of Plaintiff's Eighth Amendment rights

(3) common law negligence claims against Defendants Clark, Korby and Messer.

Parties are in agreement as to the § 1983 claims against defendants in the official capacities and § 1983 claims against the County.  Defendants' motion as to those claims is granted.  Plaintiffs, however, oppose summary judgment on Eighth Amendment and common law claims.  For the reasons set forth below, Defendants' motion is granted.

## I.      Factual Background

Plaintiff was arrested on July 7, 2007, at Lithia Park in Ashland, Oregon, for an alleged parole violation. (Pl.'s Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Opp'n"), Ex. 4, Defs.' Reply in Supp. of Mot. for Summ J. ("Defs.' Reply") 4.)   Plaintiff alleges he was beaten while in custody in the Jackson County Jail on July 7, 2007.  (Second Am. Compl. ¶ 1.)  He alleges that he was left to lie alone in the holding cell several hours after the beating and suffered substantial physical injury, pain, and emotional distress as a result.  He was hospitalized for four days immediately following the incident, beginning July 7, 2007.  Plaintiff alleges that Defendants Messer and Clark administered the beating and that Defendant Granger was in charge of the jail at the time and participated in the alleged events.  (Second Am. Compl. ¶ 1.)  The sanction report for the parole violation was issued on July 10, 2007.  (Pl.'s Opp'n, Ex. 4, Defs.' Reply 4)

## II.     Standards

Order   2

Pursuant to Rule 56(c), summary judgment "should be rendered, if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). Summary judgment should be granted for the movant, if appropriate, in the absence of any significant probative evidence

Order   3

tending to support the opposing party's theory of the case.  Fed. R. Civ. P. 56(e); <u>THI-Hawaii, Inc. v. First Commerce Fin. Corp.</u>, 627 F.2d 991, 993-94 (9th Cir. 1980); <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 290 (1968).  Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment.  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. <u>Devereaux</u>, 263 F.3d at 1076.

## III.    Defendants' Motion for Partial Summary Judgment Is Granted

Defendants assert there is no genuine issue of material facts as to Plaintiff's § 1983 claims for relief for violation of his Eighth Amendment rights and his common law claims against individual defendants.  The court agrees.

### A.    There Are No Claims Under Eighth Amendment

The Eighth Amendment states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." This prohibits cruel and unusual punishment.  The Supreme Court explained, "the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."  <u>City of Revere v. Massachusetts General Hospital</u>, 463 U.S. 239, 244 (1983) (citing <u>Ingraham v. Wright</u>, 43 U.S. 651, 671-72, n. 40 (1970)). Further, "[t]he Due Process Clause . . . does require the responsible government or governmental agency to provide medical care to persons . . . who have been injured while being apprehended by police. . . . [These rights] . . .  are at least as great as the Eighth Amendment protection available to a convicted prisoner." <u>Id.</u>

Order    4

The Ninth Circuit addressed this issue in <u>Gary H. v. Hegstrom</u>, in which the plaintiff sought relief related to conditions of confinement at juvenile facility.  The Ninth Circuit explained, "[t]he status of the detainees determines the appropriate standard for evaluating conditions of confinement.  The [E]ighth [A]mendment applies to convicted prisoners.  By contrast, the more protective [F]ourteenth [A]mendment standard applies to conditions of confinement when detainees, whether juveniles, have not been convicted."  831 F.2d 1430, 1432 (9th Cir. 1987) (quotations and citations omitted).

In addition, other district courts have found that the Fourth Amendment applies when an individual alleges excessive force during the scope of his arrest.  In <u>Freeland v. Sacramento City Police Department</u>, the district court of the Eastern District of California applied the Fourth Amendment standard to Plaintiff's claim of excessive force during the course of his arrest on suspected parole violations. Freeland had not yet been convicted or sentenced at the time of the alleged force. 2010 WL 408908 at 12 (E.D. Cal.).  The court in <u>Freeland</u> also cited an Eastern District of New York case, <u>Turner v. White</u>, 443 F.Supp.2d 288 (E.D.N.Y. 2005), which explained "[j]ust because an individual has been convicted of a crime in the past and is on parole does not deprive him of his Fourth Amendment constitutional right to be free from excessive force if arrested on another crime."  <u>Id</u> at 294.  Another California district court found, "Plaintiff's claim of excessive force arose while he was a 'parolee at large.'  Thus, plaintiff had not yet been convicted or sentenced.  Accordingly, there is no basis for a claim under the Eighth Amendment." <u>Williams v. County of Riverside</u>, 2008 WL 4791291 (C.D. Cal.)

Plaintiff argues that the case law in the Ninth Circuit is unclear as to what rights are afforded to detained parolees, arrested for alleged parole violations.  (Pl.'s Opp'n 7.)  While the

Order 5

court recognizes this argument, it finds that within the context of the events surrounding this complaint, Plaintiff's rights are not attached to the Eighth Amendment.

Here, Plaintiff alleges that excessive force occurred after he was arrested and was lodged in the Jackson County Jail. Though he was detained for alleged violation of his no-intoxicants parole condition, he had not been formally adjudicated. (Pl.'s Opp'n 6.) In this context, Plaintiff had not been convicted or sentenced, and thus he may not seek relief under the Eighth Amendment.

### B.    There Are No State Law Tort Claims Against Individual Defendants

Defendants move for summary judgment on Plaintiff's common law tort claims against individual defendants. Under the OTCA, "[t]he sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285 or 30.287 shall be an action against the public body only." Or. Rev. Stat. 30.265. Defendants argue that because the alleged torts occurred during the course and scope of their employment with the State of Oregon, Plaintiff may only seek relief under the OTCA, and thus there are no common law claims against the individuals. (Mem. in Supp. of Defs.' Mot. for Summ. J. 6.) Further, Defendants assert that Plaintiff cannot avail himself of the relief under the OTCA because of this court's March 30, 2010 Order dismissed Plaintiff's OTCA claims for failure to plead notice.

Plaintiff does not address that Defendants were acting within the course and scope of their employment. Rather he focuses on Plaintiff's right to a remedy: "Whether or not defendants Clark, Messer, and Granger were acting within the course and scope of their employment, plaintiff may not be deprived of his remedy against them in this case." (Pl.'s Opp'n

Order 6

3.) He cites the Oregon Supreme Court's decision in <u>Clarke v. OHSU</u>, which found that the elimination of a common law cause of action against public employees for negligence violates Article I, Section 10 of the Oregon Constitution, where the tort resulted in an injury of permanent disability injury. 343 Or. 581, 610 (2007).

Plaintiff's case, however, is distinguishable from <u>Clarke</u>. In <u>Clarke</u>, the plaintiff sought relief for malpractice from doctors employed at the public Oregon hospital Oregon Health and Sciences University ("OHSU"). The state substituted the individual doctors with the State as allowed under the OTCA, and damages were thus capped at $200,000 for the sole remedy. At issue was whether the OTCA violated the Remedy Clause of Article 1, Section 10 of the Oregon Constitution: "the primary issue in this case is whether ORS 30.265(1) and ORS 30.270(1), *as applied to the facts of this case*, violate Article 1, Section 10." 343 Or. at 588 (emphasis added).

In its analysis, the Oregon Supreme Court allowed that the substitution of the state for the individuals was permissible because OHSU was protected under sovereign immunity at common law. Thus, "[w]hen an entity would have been immune from liability at common law, the legislature's choice to limit that entity's liability does not violate [the remedy clause]. Therefore the OTCA's damages limitations, as applied to Plaintiff's claim against OHSU, does not violate the [Remedy Clause]" <u>Id.</u> at 428. However, the court also determined, "the legislature is authorized . . . to vary or modify the nature, the form, or the amount of recovery for common-law remedy. However, that authority is not unlimited." <u>Id.</u> at 435.

The court ultimately concluded that, under the circumstances in the case, the limitation on plaintiff's remedy had gone too far: "the elimination of a cause of action against public employees or agents in [the OTCA] as applied to plaintiff's claim against individual defendants,

Order 7

violates the Remedy Clause of Article I, Section 10, because the substituted remedy against the public body . . . is an emasculated version of the remedy that was available at common law." Id.

The Oregon Supreme Court made it very clear that its finding was confined to the circumstances of that case, which involved a proposed a limited remedy for a "permanent and severe injury caused by medical negligence. Id. at 434.  Substitution of the state for individual employee tort actions, on its face, does not violate the clause.  When the substitution results in an emasculation of the clause itself – such as in Clarke in which damages for permanent disabling injury was $200,000 -- a violation of the clause may occur.

The court does not see that a comparable "emasculation" of the clause occurs here.  The removal of Plaintiff's remedy is not due to a proposed limitation on damages.  Rather, it is due to the dismissal of the claim on notice grounds.

A challenge to the remedy might be more persuasive if the Plaintiff had a valid claim under the OTCA.  As Defendants aptly pointed out, "[h]ad Plaintiff provided the proper notice under the OTCA, and if he ultimately prevailed on his claim, he could *then* raise an argument under Clarke if he believed his common-law remedy had been eliminated by the OTCA." (Defs.' Reply 3.)  In other words, the court cannot reach the merits of his argument of a violation of the remedy clause before he has established an OTCA claim.

The court disagrees with Plaintiff's argument that dismissal of his common law claims against individuals violates the Remedy Clause.  Plaintiff has not shown there is a genuine issue of material fact as to whether individual defendants were acting in the course and scope of their employment with a public body.  Accordingly, relief for common law claims against individuals must be brought under the OTCA and not common law.  Defendant's motion for partial summary

Order 8

judgment is granted as to common law claims.

**IV.    Conclusion**

      Defendants' motion for summary judgment is granted.

               DATED this _14_ day of July, 2010.

                    MARK D. CLARKE

                    United States Magistrate Judge

Order 9